IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 


 NOS. 74,795 & 74,796 




EX PARTE RONALD SMOCK, Applicant






 


ON APPLICATIONS FOR WRIT OF HABEAS CORPUS 


 FROM MIDLAND COUNTY 


 Per Curiam.

O P I N I O N


 These are post-conviction applications for writ of habeas corpus filed pursuant to Article
11.07, V.A.C.C.P. Applicant was convicted of burglary of a habitation and driving while
intoxicated. Punishment was assessed at twenty-five years and ten years imprisonment,
respectively. Appeals were dismissed because notices were untimely. Smock v. State, Nos.
08-02-440-CR and 08-02-441-CR (Tex.App. - El Paso, delivered November 7, 2002, no pet.). 

 Applicant contends that he was denied his right to meaningful appeals when his
counsel failed to timely file notice of appeal. The trial court entered findings of fact that
Applicant advised counsel he wanted to appeal but counsel filed the notices late and failed to
file timely motions for extension of time to file notice of appeal. The trial court concluded
counsel rendered ineffective assistance on appeal, and recommended that out-of-time appeals
be granted.

 Relief is granted. Applicant is entitled to out-of-time appeals in cause numbers
CR27049 and CR22981 in the 142nd Judicial District Court of Midland County. Applicant is
ordered returned to that point in time at which he may give written notices of appeal so that
he may then, with the aid of counsel, obtain meaningful appeals. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the sentences had been
imposed on the date that the mandate of this Court issues. We hold that should Applicant
desire to prosecute any appeals, he must take affirmative steps to see that written notices of
appeal are given within thirty days after the mandate of this Court has issued.

DELIVERED: October 15, 2003

DO NOT PUBLISH